UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL J. FITCH; KATHLEEN FITCH; PORTFOLIO RECOVERY ASSOCIATES, LLC; NCO FINANCIAL SYSTEMS, INC.; BANK OF AMERICA CORPORATION,<br><br>　　　　Defendants. | Case No. 4:10-cv-037-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Plaintiff the United States of America's Motion for Summary Judgment Against Kathleen Fitch and Default Judgment Against Michael J. Fitch, Portfolio Recovery Associates, LLC, and NCO Financial Systems, Inc. (Dkt. 43). The Court heard oral argument on July 19, 2011. Having considered the pleadings and counsels' arguments at hearing, and having thoroughly reviewed the record, the Court will grant the United States' motion, as indicated at hearing, and as more fully expressed below.

## BACKGROUND

The United States filed this action on January 25, 2010, to reduce to judgment federal income tax assessments against Defendant Michael J. Fitch, and to foreclose

federal tax liens against Mr. Fitch and the real property located at 705 Leona Circle, Idaho Falls, ID, 83401. *Am. Compl.*, Dkt. 26-1, ¶ 9. On May 12, 2010, Mr. Fitch was personally served with the Summons and Complaint (Dkt. 12). Mr. Fitch having failed to answer or otherwise respond, a Clerk's Entry of Default was entered against him on July 13, 2010 (Dkt. 25). Since then, Mr. Fitch still has yet to answer or otherwise appear.

A duly authorized delegate of the Secretary of the Treasury made timely assessments against Michael J. Fitch for unpaid federal taxes, penalties, interest, and other statutory additions for tax periods 1998-2008. *Am. Compl.*, ¶ 13. On January 25, 2010, the United States also filed an action to reduce these same federal tax assessments to judgment in the District of Alaska. On January 26, 2011, the court in the Alaskan suit entered default judgment against Mr. Fitch in the amount of $208,454.40 for the unpaid balance of these liabilities as of November 10, 2010. *See United States v. Michael J. Fitch*, 3-10-cv-00012-TMB (D. Alaska), Ex. 1 to *Yost Dec.*, Dkt. 43-4. The first claim for relief having been satisfied in the District of Alaska, the United States now seeks default judgment against Mr. Fitch as to the second claim for relief only – foreclosing the federal tax liens against Mr. Fitch that arise from these assessments against the subject property.

A foreclosure report obtained by the United States revealed that Portfolio Recovery Associates, LLC and NCO Financial Systems, Inc. might claim some right, title, or interest in the subject property. The United States therefore named these non-taxpayer defendants in this action. Although both Recovery Associates and NCO Financial Systems were properly served with the Summons and Complaint, *see* Dkts. 13,

34, neither have appeared in this matter to assert any interest in the subject property. The Clerk of Court entered default against Portfolio Recovery Associates on June 25, 2010, and against NCO Financial Systems on February 24, 2011. *See* Dkts. 24, 40. Neither of the non-taxpayer Defendants has filed an answer or other response since default was entered.

The United States has entered into a stipulation of priority with Bank of America Corporation, providing that Bank of America Corporation's Deed of Trust described in the Complaint (¶ 11) is senior and prior to the United States' tax liens on the subject property. Therefore, in the event of the foreclosure sale, Bank of America Corporation's Deed of Trust shall be satisfied before the United States' tax liens. *See* Dkt 41.

The United States named Kathleen Fitch, Michael Fitch's ex-wife, as a defendant under 26 U.S.C. § 7403(b), because she may claim some right, title, or interest in the subject property. The subject property was acquired before the Fitches were married, but was not the separate property of either; instead it was jointly owned and titled in both Michael and Kathleen Fitch's names. Ex. 2 to *Yost Dec.* Upon their divorce, Michael and Kathleen Fitch's Decree of Divorce characterized the subject property as community property, to be distributed to Kathleen Fitch. Ex. 5 to *Yost Dec*. Ms. Fitch does not dispute this. *Response Mem.*, Dkt. 44 at 2. In its motion, the United States asserts that the federal tax liens arising from its assessments attached to Mr. Fitch's community property interest, and were not extinguished by the subsequent transfer of the subject property to Ms. Fitch as her separate property in the Fitches' divorce.

## DISCUSSION

1. **The Record Supports Foreclosure Of Michael Fitch's Federal Tax Liens Against His Property Interests**

In this case, the United States assessed, and gave notice and demand to Michael Fitch, for unpaid federal taxes, penalties, interest, and other statutory additions for tax periods 1998-2008. *Am. Compl.*, ¶¶ 13, 15. Mr. Fitch failed to pay, thus a lien arose in favor of the United States at the times, and in the amounts, of the assessments; the lien attached to all property, and rights to property of Michael Fitch. 26 U.S.C. §§ 6321, 6322; *Drye v. United States*, 528 U.S. 49, 55 (1999). On January 26, 2011, in an action filed by the United States based on these assessments, the United States District Court for the District of Alaska entered judgment against Mr. Fitch. Ex. 1 to *Yost Dec.* Also, Notices of Federal Tax Lien were filed with the Bonneville County Recorder, to perfect the liens. *Am. Compl.* ¶¶ 19-21.

A tax lien attaches to any property interest of the taxpayer, including those later acquired, while the lien is in force. *Glass City Bank v. United States*, 326 U.S. 265, 267-68 (1945). The lien continues in full force until the liability is paid in full or becomes unenforceable due to the lapse of time. 26 U.S.C. § 6322; *United States v. Cache Valley Bank*, 866 F.2d 1242, 1244 (10th Cir. 1989). Once a tax lien under 26 U.S.C. § 6321 arises, the United States may file an action to enforce the lien against any property in which the taxpayer has an interest. 26 U.S.C. § 7403. Where a claim or interest of the United States is established, the court "may decree a sale of such property . . . and a

distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." *Id.*

The record supports the United States' request to enforce Mr. Fitch's federal tax lien against his property interests. Mr. Fitch has not appeared or otherwise challenged the propriety of the United States' request.

**2.     Default Judgment Is Appropriate As To Michael Fitch**

Where a party against whom judgment is sought has failed to plead or otherwise defend, the party seeking relief must first secure an entry of default, and then may apply to the court for default judgment. Fed. R. Civ. P. 55. The Clerk of Court here entered default against Michael Fitch on July 13, 2010. The United States now seeks default judgment, not for a specified amount, but for foreclosure on any property in which Mr. Fitch has an interest, including the subject real property at 705 Leona Circle in Idaho Falls, Idaho.

Where a party is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)). For purposes of default judgment, the court need not enter findings of fact, except as to damages, which are not at issue here. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990).

Whether to enter default judgment is in the sole discretion of the court. *See Lau Ah Yew v. Dulles*, 236 F.2d 415 (9th Cir. 1956). In *Eitel v. McCool*, 782 F.2d 1470, 1471-72

(9th Cir. 1986), the Court identified seven factors for the court to consider in exercising its discretion to enter default judgment: (1) potential prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the amount at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules favoring a decision on the merits. *Id.* at 1471-72. "In applying this discretionary standard, default judgments are more often granted than denied." *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Regarding possible prejudice to the parties, the United States asserts that a failure to foreclose against Mr. Fitch's interest in the subject property would impede the United States in its collection efforts on the judgment obtained for Mr. Fitch's tax liabilities. Therefore, the United States argues, the danger of prejudice to the United States weighs in favor of entering the default judgment. The Court agrees.

The second and third factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). The Court finds that the allegations in the Complaint adequately establish the merits of the United States' foreclosure claim, therefore these factors weigh in favor of entering default judgment.

As to the sum at stake, the United States is not seeking a specific amount, but asks to foreclose Mr. Fitch's tax liabilities against his property interests. The Court thus finds that this factor does not weigh against default judgment.

Regarding the possibility of a dispute regarding the material facts, the United States notes that, upon entry of default, the well-pleaded allegations of the complaint are taken as true, citing *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). Because sufficient facts have been alleged in the Complaint, and Mr. Fitch has failed to appear to respond or otherwise defend against the Complaint, there are no disputed material facts. *See Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005). Further, the U.S. District Court for the District of Alaska has already entered default judgment against Mr. Fitch for the tax liabilities involved in the foreclosure claim. Thus, this factor weighs in favor of entering default judgment.

There is no indication of excusable neglect by Mr. Fitch, despite his having been properly served. This factor therefore weighs in favor of default judgment.

The Court recognizes the policy favoring a decision on the merits, but here finds that Mr. Fitch has had more than adequate time to come forward to assert any claims or defenses he has in this matter. The Court agrees with the United States that its efforts to collect on Mr. Fitch's tax liabilities, which have already been reduced to judgment, should not be impeded by Mr. Fitch's continued failure to appear in this action.

On examination of the *Eitel* factors, the Court concludes that default judgment against Mr. Fitch is appropriate, and will therefore grant the United States' motion as to Mr. Fitch, foreclosing his interest in the subject property in partial satisfaction of his tax liabilities.

3.   **Default Judgment Against The Non-taxpayer Defendants Is Appropriate**

Pursuant to 26 U.S.C. § 7403(b), the United States named the non-taxpayer Defendants in this action – Portfolio Recovery Associates, LLC and NCO Financial Systems, Inc. – as persons who may have liens upon or claim an interest in the subject property. Subsection (c) of the statute provides that after all parties have been duly notified of any such action brought under Section 7403, the court shall proceed to adjudicate all matters involved in any such action and finally determine the merits of all claims to and liens upon the property. 26 U.S.C. § 7403(c).

The Court again applies the *Eitel* factors to determine the propriety of default judgment as to the non-taxpayer Defendants. As discussed above, the United States filed well-pleaded allegations to foreclose Mr. Fitch's federal tax liens against his property interests. Regarding prejudice, the United States argues – and the Court agrees – that, where the non-taxpayer Defendants' interests in the subject property are not extinguished, title to the property is clouded, thus hindering the United States' ability to sell the property.  These first three factors weigh in favor of default judgment.

As with Mr. Fitch, the United States is not seeking any damages against the non-taxpayer Defendants. Instead, the United States seeks a determination that the non-taxpayer Defendants have no interest in the subject property. Therefore, this factor does not weigh against granting default judgment.

Again acknowledging the policy favoring decisions on the merits, the Court finds that the non-taxpayer Defendants have had more than sufficient time to come forward

and assert whatever claim they may have in the subject property, but have not done so. The other parties in the case should not be adversely affected by the non-taxpayer Defendants' failure to appear and assert a claim to the subject property.

In light of the foregoing analysis, the Court finds that default judgment is appropriate. The Court will grant the United States' motion as to the non-taxpayer Defendants, finding that they have no interest in the subject property.

**4.     Summary Judgment Against Kathleen Fitch Is Appropriate**

On the United States' motion for summary judgment against Ms. Fitch, it presents only legal issues, and no issues of fact. It is undisputed that, during the tax periods 1998-2008, at issue here, the subject property was the community property of Michael and Kathleen Fitch. Exs. 2, 5 to *Yost Dec.*, Dkts. 43-5, 43-8; *Am. Compl.* ¶ 13; *Response Mem.*, Dkt. 44 at 2. According to Kathleen Fitch, she filed for divorce from Michael Fitch in October 2009. *Kathleen Fitch Aff.*, Dkt. 44-1, ¶ 8. The Fitches' Divorce Decree, entered January 29, 2010, transferred the subject property to Kathleen Fitch as her separate property. *Divorce Decree*, Ex. 5 to *Yost Dec.*, Dkt. 43-8. Ms. Fitch does not challenge that Mr. Fitch's tax liens were assessed against him before the Decree was entered; instead, she asserts that the Decree's division of property was retroactively effective to the date she filed for divorce, sometime in October of 2009. Ms. Fitch fails to cite authority to support her assertion, and the Court has found none.

### A. Ms. Fitch Has No Legally Recognizable Separate Property Interest In The Property At Issue, Thus The Property Is Subject To Mr. Fitch's Tax Liability

Regardless of when the property was transferred to her by the divorce decree, the issue is whether Ms. Fitch's interest in the subject property is immune from Mr. Fitch's tax liability. In determining the nature of a taxpayer's legal interest in property with respect to tax liens under 26 U.S.C. § 6321, state law controls. *United States v. National Bank of Commerce*, 472 U.S. 713, 722 (1985) (other citations omitted). The courts look to state law to determine whether a property right is created, but federal law to decide how to treat those property rights. *United States v. Rodgers*, 461 U.S. 677, 683 (1983) (citing *United States v. Mitchell*, 403 U.S. 190, 205 (1971)). At issue here is whether Idaho's homestead laws create a property right for Ms. Fitch.

No court appears to have specifically addressed this issue for Idaho. Examining Texas homestead laws, the United States Supreme Court determined that a separate property interest was created in the community home of a non-liable spouse, in *United States v. Rodgers*, 461 U.S. at 684. However, this determination was based upon a unique provision under Texas law not applicable here. The *Rodgers* court determined that the underlying property interest under Texas' homestead law was akin to an undivided life estate, *id.* at 686, and noted that under § 7403(a), the United States may enforce its lien and seek to "subject *any property*, [of] whatever nature, of the delinquent, or *in which he has any right, title, or interest*, to the payment of such tax or liability." *Id.* at 692 (emphasis original) (quoting 26 U.S.C. § 7403(a)). The court thus held that the

United States' tax liens attached to the full value of the community property at issue. *Id.* at 701.

The Ninth Circuit addressed whether Nevada homestead law[1] creates a property interest, as contemplated by Section 522(p)(1) of the Bankruptcy Code, in *In re Greene*, 583 F.3d 614 (9th Cir. 2009). The court in *Greene* held that, in general, a homestead right does not "run with the land," but is a "personal right or privilege given by constitutional or statutory provisions . . . [that] ordinarily is dependent on some title or interest in real property and [ ] does not exist as a separate estate in property independent[ ] of such title or interest." *Id.* at 622 quoting 40 Corpus Juris Secundum, *Homestead* § 3 (2006)). The *Greene* court further stated that "a homestead is a 'categorization' of a status or a classification, not a property interest." *Id.*

Where a state's homestead law "do[es] not create a present property interest, but merely confer[s] privileges and exemptions, the federal tax lien is good against homestead property." *Shaw v. United States*, 331 F.2d 493, 497 (9th Cir. 1964) (citation omitted) (holding that California's homestead laws do not create property rights but merely exemptions, and that federal tax liens therefore attach to the entire homestead community property of a delinquent taxpayer, leaving no separate compensable interest for the non-liable spouse); *see also Aranow v. United States*, 38 A.F.T.R.2d 76-5435, 76-5437 (following *Shaw*, supra, and finding that Montana's homestead laws did not create a property right but merely an exemption).

---

[1] Nevada homestead law, similar to Idaho's, contains a provision restricting the conveyance or encumbrance of property by one spouse without the consent of the other. *See* Nev. Rev. Stat. § 115.040.

**MEMORANDUM DECISION AND ORDER - 11**

Since 2004, Idaho homestead law no longer contains a devolution provision, wherein the homestead automatically vests in the surviving spouse, upon the death of the other. Act effective July 1, 2004, ch. 131, 450, 2004 Idaho Laws (repealing former § 55-1010). Thus, in Idaho, a husband can devise his share of the community homestead to someone other than his spouse.[2] I.C. § 15-3-101. However, Idaho law prohibits a spouse from conveying or encumbering the homestead without the consent of the other, as does Nevada's homestead law, addressed in *Greene*. I.C. § 55-1007. However, although both the devolution and non-encumbrance provisions were in effect in 1999, the District of Idaho's Bankruptcy Court found that Idaho law did not create a separate property interest in *In re Hegg*, 239 B.R. 833 (Bankr.D.Idaho 1999).

In that case, the Honorable Jim Pappas of the District of Idaho's Bankruptcy Court considered the effect on federal tax liens of a transfer of community property to a non-debtor spouse by the debtor spouse. *Id.* A federal tax lien arose and attached to community property of the debtor spouse in *Hegg*; the debtor spouse then transferred the community property – the couple's residence – to the non-debtor spouse as her separate property, upon their divorce. *Id.* at 835. The court held that the lien was not extinguished, and that the United States held a valid tax lien on the residence. *Id.*

In light of the existing case law, this Court agrees with the holding in *Hegg*. Applying those cases, the Court here finds that Ms. Fitch lacks a legally recognizable

---

[2] This provision is subject to a "homestead allowance," which is "not a right to claim ownership of, or succession to, any homestead owned by the decedent at the time of the decedent's death," but only a right to claim all or part of a $50,000 allowance, as a surviving spouse or child of the decedent. I.C. § 15-2-402.

separate property interest in the subject property.  Although the Fitches' divorce decree gave the community homestead to Kathleen Fitch, it did not clear the property of the attached federal tax liens, already assessed.  Therefore, the Court finds that Ms. Fitch has no right or claim to block a forced sale by the Court.

### B. A Forced Sale Of The Subject Property Is Appropriate

Under § 7403, the court concluded, the district court was authorized to exercise equitable discretion to authorize a forced sale of the property.  *Rodgers*, 461 U.S. at 705.  The *Rodgers* court identified four number of factors for the district court to consider in deciding whether to order a forced sale, but emphasized that "the limited discretion accorded by § 7403 should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes."  *Id.* at 710-712.  Regarding the second factor, whether the non-liable spouse had a legally recognized expectation that his or her separate property would not be subject to a forced sale, the court noted that "[i]f there is no such expectation, then there would seem to be little reason not to authorize the sale."  *Id.* at 710-11.  This Court has determined that Ms. Fitch has no separate property interest in the community property, under Idaho law.  Accordingly, and under the court's analysis in *Rodgers*, this Court finds that a forced sale is appropriate, and will order it.

### C. Distribution Of Proceeds From Sale

As to the distribution of proceeds from a forced sale, the Court encourages the parties to engage in further discussions regarding the possibility of an agreed proposal.  If

no such agreement can be reached, the Court will invite briefing on the issue, and if necessary, will set a hearing.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Default Judgment (Dkt. 43) is **GRANTED** as against Defendants Michael Fitch, Portfolio Recovery Associates, LLC, and NCO Financial Systems, Inc.

2. Plaintiff's Motion for Summary Judgment (Dkt. 43) is **GRANTED** as against Kathleen Fitch.

3. The property at issue shall be subject to a forced sale. By no later than August 22, 2011, the parties shall either submit a stipulated plan for distribution of proceeds from such sale, or simultaneous briefing – limited to 15 pages – setting forth the parties' positions regarding the issue. Simultaneous responses shall be due on September 12, 2011. The Court will issue a decision on the parties' briefing without replies.

DATED: July 25, 2011

_____
B. Lynn Winmill
Chief Judge
United States District Court